---

## W. & P. Voorhis *vs.* Baxter and others.

Where a copartnership executes a note, in the name of the firm, and one of the partners dies, his executors cannot be joined with the surviving partners, in a suit upon the note, without alleging the insolvency of the firm, or setting forth some circumstances to raise an equity against the executors.

Appeal by the plaintiffs, from an order made at a special term, allowing the demurrer taken by the defendants Childs and Rowland, executors of H. W. Childs deceased, to the plaintiff's amended complaint, and dismissing the complaint as to those defendants, with costs.

*R. M. Harrington,* for the appellants.

*W. S. Rowland,* for the executors.

*By the Court,* Mitchell, P. J. Childs was one of a firm of six persons who made in the firm name a note now held by the plaintiffs. He died, and the plaintiffs sued the five surviving partners, and with them the executors of Childs, setting forth no circumstances to raise an equity against the executors. The executors demurred, on the ground that the plaintiff showed no cause of action against them.

In *Lawrence* v. *The Trustees of the Leake and Watts Orphan House,* (2 *Denio,* 577,) the court for the correction of

errors affirmed unanimously the decision of the chancellor and of the vice chancellor, holding that (although the rule may be different in recent English cases,) here " a creditor of a copartnership firm, on the death of one of its members, cannot sustain a *bill* against the representatives of the deceased and the surviving members, or against such representatives alone, without averring and proving that such surviving partners are insolvent ; that as the remedy at law survives, the creditor *is bound to resort to his legal remedy against the surviving debtors,* unless he can show a necessity for coming into a court of equity for relief against the estate of the deceased debtor ;" that " such a debt is *joint* and not joint and several." (P. 588, 9.) The decision was not founded on the difference of jurisdiction between courts of law and courts of equity, for it denied the right to come even into equity unless insolvency of the survivors, or some other ground of equitable relief, was established. It therefore held that the creditor had no right of action, either at law or in equity, against the executors of the deceased, until he showed insolvency in the survivors. The rule is just also. The surviving partners take all the assets of the firm, including even the share to which the deceased was entitled and retain it and apply it to the payment of the partnership debts. They alone, and not the executors of the deceased, have the fund out of which this debt is primarily to be paid. The executors have only the individual property of the deceased, and that should be applied first to pay his individual debts. In *Ricart* v. *Townsend,* (6 *How. Pr. Rep.* 460,) the plaintiffs made Townsend, the surviving partner, and the executors of Clapp, the deceased partner, defendants ; and it seems *Townsend* alone demurred for a misjoinder of parties. The demurrer was overruled, but with a suggestion that it would be necessary for the plaintiff to show what kind of relief he sought against the executors. The demurrer was properly overruled ; for the code, while it allows a demurrer for *defect* of parties, does not allow it for too many parties, and that was the meaning of the demurrer in that case. In this the demurrer is not by the surviving partners, who have no cause of complaint, but by the executors. and on the ground that no cause of action

is shown as against them. The learned judge says in that case, that if the action is brought to enforce the liability, both of the partnership property and of the partners individually, then the surviving partners and the representatives of the deceased are necessary parties. This is so if a case be made, giving the creditor a right as against the representatives of the deceased, and probably was intended to be confined to such cases. The case was not intended to give a remedy under circumstances where there was no right either at law or in equity before. The plaintiff relied on sections 118 and 122 of the code. Section 118 is, that " any person may be made a defendant, who has or claims an interest in the *controversy* adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the *question.*" This section was borrowed from the chancery practice and was intended to preserve the right and duty of a plaintiff to make all persons parties who were directly interested in the question or controversy stated in the complaint. In this case the complaint does not show any cause of action at law or in equity against the executors ; but one against the other defendants only. The executors have and claim no interest in this controversy, and they are not necessary parties to a complete determination or settlement of this question. The question and the controversy only is, whether the firm made the note, not whether the estate of the deceased is to pay it. The law is that his estate is not liable to be sued for it, if the survivors are solvent and able to pay it.

A different decision would be exceedingly prejudicial to creditors. The executors could object that no judgment should be entered against the estate until the insolvency of the firm should be ascertained, and could plead that it was solvent and able to pay its debts ; and judgment would then be delayed until that question should be settled. By leaving the law as it has always stood in this state, the creditor has first his prompt remedy on the note against the surviving partners, and then if they are insolvent, his equitable relief against the executors.

The judgment should be affirmed with costs.

[NEW-YORK GENERAL TERM, November 6, 1854. *Mitchell, Roosevelt* and *Clerke,* Justices.]